## Phillips *against* Malone.

1, Omission of Attorney's signature to declaration supplied by reference to Writ or to body of declaration.
2, On a Note for payment of a certain amount of cotton at a stated price, final judgment by default without a jury cannot be taken.

IN the Circuit Court of *Madison* County, Phillips declared in assumpsit against *Malone*, on a promissory note for the payment of 16760 pounds of good merchantable seed cotton, by the 15th day of *April*, 1822. Breach—that defendant did not deliver the cotton, (equal to $670 40 cents, at 4 cents per pound,) on said 15th day of *April*, or at any time before or since ; but to pay or deliver, either in cotton or money, hath hitherto refused, &c.

A second count sets out the contract as the first, and avers the failure to pay the cotton ; by reason whereof defendant became liable to pay the plaintiff $670 40 cents, the value thereof, as agreed by him.

The Circuit Court, on the 4th day of *November* 1822, without the intervention of a Jury, rendered final judgment by default for $698 36 cents, and costs.

The matters here assigned as Error, appear in

The opinion of the Court delivered by Judge *Saffold*.

As to the first assignment, that the declaration is not signed either by the plaintiff or his attorney, to support a judgment the omission will be supplied by reference to the preceding part of the Record and proceedings. The name of the plaintiff is to be found in the body of the declaration, and in the writ, and the name of the attorney on the writ—the omission is therefore cured.

The second assignment is, that the judgment was final when it should have been interlocutory. The language of the contract is less certain than could be desired ; but we conceive that the rate was not mentioned either as a penalty for non-payment, or a criterion by which to estimate damages. The only safe and legal construction which we are enabled to give to the contract is, that the mention of four dollars per hundred shews (if any thing) the price at which the parties estimated the cotton at the time of the contract, and at which the payee had accounted to the maker for it. This does not determine its value at the time fixed for its delivery. This statement of the price in the note does not liquidate the claim. The note was not a "writing" ascertaining the plaintiff's demand or sum sued for : but if at the time the cotton became due its price had varied, the plaintiff's recovery must have been according to the *then selling price*, regardless of the rate at which it was estimated when sold by defendant to plaintiff. It is therefore the opinion of

the Court, that the judgment by default should have been interlocutory and not final.

Judgment must be reversed, and the cause remanded.